Frank A. Gulotta, J.
(dissenting). It is undisputed that plaintiff bank did not send defendants the 10-day notice required by section 403 of the Personal Property Law until August 7,1964, and that in compliance with that section, and within the 10-day period, defendants notified the bank in writing that the work which was to be done by the bank’s assignor was far from complete.
In my opinion the bank acted at its peril in paying the money to the contractor on August 7, the very day it sent out the notice, instead of waiting the statutory period to hear from the home owners.
It is no answer to say that the bank relied on a completion certificate which it claims had been executed on August 3, and to cite County Trust Co. v. Berish (4 A D 2d 777), decided July 15, 1957, three months before section 403 took effect on October 1, 1957. Tarrytown Nat. Bank & Trust Co. v. Nerealty Co. (268 App. Div. 913) was decided even earlier, in 1944.
The defendants’ version is that all the documents, including the completion certificate, were executed on July 17, before any work was commenced. Whichever date be correct, this poses a classic case of the type of abuse the Legislature sought to cure.
The plain purpose of section 403 was to protect the gullible and trusting home owner from his folly in signing papers which he had not read or had been fraudulently induced to sign, or which misstated the true situation. The statute grants him one last opportunity to set the matter straight at a time when he has returned to a world of reality and is not being mesmerized by the lofty and intoxicating promises of a persuasive contractor. This is demonstrated very clearly by the meticulous directions as to the size and type of printing in which the warning must be couched, its exact phrasing, etc. It may, be noted that warning No. 3 set forth in the majority opinion deals with our precise situation.
Admittedly the section might have been better worded, but, in forbidding a covenant against no defenses unless the 10-day notice is sent and in specifying that it deals with both the contract and any related note, we may assume that the Legislature intended to cover the entire situation and absent compliance with the statute, the home owner may put forward his defenses, and this, whether the suit is based on the note or the contract.
There is, of course, nothing in the statute which says that getting a -completion certificate is a substitute for sending the *1015 notice and it is evident that the bank did not believe so either, since it sent the notice.
To hold now that the effect of the statute is to bind the home owner if he does not respond to the notice, but to decide that the bank may ignore his answer when he does respond, and revert to a claim under the note alone is to say that the Legislature engaged in an exercise in futility. I find it impossible to read such an intent into this piece of remedial legislation which was passed to cope with widespread abuses, which saw the hapless home owner caught in a “ holder in due course web ’ ’ with a bank, while a ‘ ‘ fly-by-night ’ ’ contractor made off with the funds, after doing shoddy work or indeed, even no work at all.
I, therefore, dissent from this reversal which now puts these defendants in that position and vote to affirm the order denying plaintiff’s motion for summary judgment.
Baker, J., concurs with Hargett, J.; G-ulotta, J., dissents and votes to affirm in a separate opinion.
Order reversed, without costs, and motion for summary judgment granted.